Filed 10/21/20  P. v. Mata CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SAVANAH MATA,<br><br>  Defendant and Appellant. | F079428<br><br>(Super. Ct. No. F18904251)<br><br>**OPINION** |

### THE COURT<sup>*</sup>

APPEAL from a judgment of the Superior Court of Fresno County.  David Andrew Gottlieb, Judge.

Carla J. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Detjen, J. and Peña, J.

Appointed counsel for defendant Savanah Mata asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On June 26, 2018, the People filed a felony complaint, charging defendant with assault with a deadly weapon, to wit, a knife (Pen. Code, §245 subd. (a)(1);[1] (count 1)), and making criminal threats (§ 422; count 2), both against the same victim.[2] On June 27, 2018, defendant pled not guilty to both counts and was placed on pretrial release under the supervision of the probation department. She later was remanded to custody after she failed to appear at two hearings.

On November 28, 2018, defendant withdrew her not guilty pleas and entered a plea of no contest to count 2. The court advised defendant that count 2 involved a strike offense, which meant it was a serious offense that could result in her being sentenced to state prison if she violated the terms of her release. The court additionally advised defendant that the strike could be used to "greatly enhance" her sentence for any future felonies. Defendant stated that she understood. The court confirmed that defendant wished to enter a plea under the conditions contained in a felony advisement, waiver of rights, and plea form she had signed. The court also confirmed that defendant had sufficient time to discuss the matter with her attorney, and her attorney confirmed that defendant was advised that the offense constituted a strike, as well as "all the collateral consequences associated with that." The court informed defendant she could be

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise noted.

[2]     The record on appeal does not shed light on the facts underlying the offenses.

sentenced to a maximum term of three years in state prison, could be ordered to pay fines and fees in excess of $10,000, and would be ordered to pay restitution. The court advised defendant of her rights, and she confirmed that she understood those rights and waived them. The parties stipulated that the police reports provided a factual basis for the plea.

The court found defendant entered the plea knowingly, intelligently, and voluntarily, and that she understood the nature and consequences of her plea. Accordingly, the court accepted the plea and found defendant guilty on count 2. In light of the plea, the People dismissed count 1, as well as a misdemeanor offense alleged in a separate case. Defendant was released on a GPS monitor and ordered to report to the probation department in the morning.

On January 14, 2019, the matter came on for sentencing and defense counsel advised the court that defendant wished to withdraw her plea. However, because defense counsel did not believe there were legal grounds to withdraw the plea, defendant was in the process of obtaining private counsel. The matter was continued. On January 28, 2019, defense counsel asked the court to continue the matter again, this time to allow defendant to obtain funds to retain private counsel. The matter was again continued.

On February 4, 2019, defense counsel informed the court that defendant no longer intended to hire private counsel. Instead, defense counsel agreed to file a motion to withdraw the plea, but requested additional time to do so. Defense counsel reiterated that he did not see legal grounds to withdraw the plea, but that he would file a motion that allowed defendant to present a declaration regarding the circumstances of the plea. The matter was continued.

The matter again came on for hearing on February 20, 2019. Defense counsel informed the court that defendant failed to meet with him regarding the motion. Defendant was ordered to meet with defense counsel and the matter was continued.

On March 12, 2019, defendant requested, and the court granted, a *Marsden*[3] hearing. The court denied defendant's request to have her attorney relieved. The matter was continued for defense counsel to file a motion to withdraw the plea.

On April 2, 2019, defendant failed to appear as scheduled. The court issued, but held, a no bail warrant. Defense counsel provided the court with a courtesy copy of his motion to withdraw the plea, which could not be filed without defendant's signature.

Defendant's motion to withdraw the plea was filed on April 10, 2019. In a declaration attached thereto, defendant stated that, at the time of the plea, she understood only that she would be released, and did not understand what a strike was or what it meant to have a criminal record. She explained that she did not understand that her job prospects and promotional opportunities would be affected by a strike conviction.

On April 11, 2019, defendant again failed to appear as scheduled and her pretrial release status was revoked. The previously held bench warrant was issued.

On May 7, 2019, defendant appeared in court with counsel. The court denied defendant's motion to withdraw the plea on the ground that the consequences of the plea were explained to defendant by counsel and by the court and, in the court's view, defendant understood what she was doing and the consequences of her plea.

The court then proceeded to sentencing. Defendant was placed on formal probation for a period of three years. The imposition of judgment and sentence was suspended. A 250-day jail term was imposed, but the court determined defendant was entitled to 250 days of time credits. After determining defendant had some ability to pay, the court imposed a minimum restitution fine of $300 (§ 1202.4), and a parole revocation fine of $300 (§ 1202.44). The court imposed a $40 court operations fee (§ 14658), and a $30 criminal conviction fee (Gov. Code, § 70373), but ordered the fees stayed based on defendant's inability to pay.

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

4.

Defendant, acting in propria persona, filed a notice of appeal and requested a certificate of probable cause on the ground she did not understand the proceedings. The request for a certificate of probable cause was denied.

On November 19, 2019, appellate counsel filed an "Application to Construe the Notice of Appeal," and on December 6, 2019, this court granted the application and construed the notice of appeal to include the sentence or other matters occurring after the plea that do not affect the validity of the judgment.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.